*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0277**


Mitchell Edwin Morehouse, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.


**Filed August 29, 2016
Reversed and remanded
Bjorkman, Judge**


Kanabec County District Court
File No. 33-CV-15-265

Charles A. Ramsay, Daniel J. Koewler, Jay S. Adkins, Ramsay Law Firm, P.L.L.C., Roseville, Minnesota (for appellant)

Lori Swanson, Attorney General, Dominic J. Haik, Assistant Attorney General, St. Paul, Minnesota (for respondent)

        Considered and decided by Bjorkman, Presiding Judge; Reilly, Judge; and

Klaphake, Judge.*

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**BJORKMAN**, Judge

Appellant challenges the revocation of his driver's license, arguing that his due-process rights were violated when he was advised that he could be criminally punished if he refused to submit to a chemical test, and that his consent to a warrantless blood test was coerced. We reverse and remand.

## FACTS

Shortly after midnight on August 30, 2015, Trooper Travis Koenen of the Minnesota State Patrol encountered a vehicle operating with only its flashers illuminated. Trooper Koenen stopped the vehicle and identified the driver as appellant Mitchell Edwin Morehouse. Believing that Morehouse was intoxicated, Trooper Koenen arrested him for driving while impaired (DWI) and transported him to the Kanabec County Jail.

At the jail, Trooper Koenen read the Minnesota Implied Consent Advisory, part of which informed Morehouse that refusal to submit to chemical testing is a crime. Trooper Koenen asked Morehouse if he understood the advisory, and he responded, "Yes." Morehouse was provided a phone and a phone book in order to contact an attorney. Morehouse asked to use the restroom. Because he intended to ask Morehouse to take a urine test, Trooper Koenen denied Morehouse's request. After approximately one hour, Morehouse indicated that he was done using the phone.

Trooper Koenen asked Morehouse to provide a urine sample. Morehouse declined, but agreed to submit to a blood test, which revealed an alcohol concentration of 0.149. Respondent Commissioner of Public Safety subsequently revoked Morehouse's driver's

license. Morehouse filed a petition for judicial review of the revocation. Following an evidentiary hearing, the district court concluded that Morehouse's consent to the blood test was voluntary, under the totality of the circumstances, and sustained the revocation. Morehouse appeals.

## D E C I S I O N

**I.      Morehouse's due-process argument fails because the advisory he received was accurate at the time it was given.**

Morehouse first urges us to reverse his license revocation because the implied-consent advisory he received was incorrect and thereby violated his substantive due-process rights. *See McDonnell v. Comm'r of Pub. Safety*, 473 N.W.2d 848, 855 (Minn. 1991) (stating that when an officer threatens criminal charges the state is not authorized to impose, an individual's due-process rights are violated). To support this argument, Morehouse cites *State v. Trahan*, a case decided after Morehouse's arrest, in which this court held that the statute criminalizing refusal to submit to a warrantless blood test violates due process. 870 N.W.2d 396, 404 (Minn. App. 2015), *review granted* (Minn. Nov. 25, 2015). We are not persuaded. Unlike the situation in *McDonnell*, Trooper Koenen did not actively mislead Morehouse regarding his statutory obligation to undergo chemical testing. *McDonnell,* 473 N.W.2d at 853-54. Indeed, the advisory Morehouse received was legally accurate at the time it was given. Morehouse has not persuaded us to extend the holding in *McDonnell* to these circumstances. Accordingly, we turn to his Fourth Amendment argument.

3

**II.** ***Birchfield v. North Dakota* requires remand to the district court to determine the validity of Morehouse's consent to the warrantless blood test.**

The United States and Minnesota Constitutions protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. "Taking [a] blood . . . sample[] from someone constitutes a 'search' under the Fourth Amendment." *State v. Brooks*, 838 N.W.2d 563, 567 (Minn. 2013). "A search conducted without a warrant is per se unreasonable unless an exception applies." *Ellingson v. Comm'r of Pub. Safety*, 800 N.W.2d 805, 807 (Minn. App. 2011), *review denied* (Minn. Aug. 24, 2011). "But police do not need a warrant if the subject of the search consents." *Brooks*, 838 N.W.2d at 568.

To satisfy the consent exception to the warrant requirement, the state must show by a preponderance of the evidence that consent was freely and voluntarily given. *Id*. Courts analyze the totality of the circumstances to determine whether consent was voluntary. *Id*. This includes examining the nature of the encounter, the kind of person the defendant is, what was said, and how it was said. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). "An individual does not consent . . . simply by acquiescing to a claim of lawful authority." *Brooks*, 838 N.W.2d at 569. The issue of whether consent was voluntary or the product of coercion is a question of fact, which we review for clear error. *Diede*, 795 N.W.2d at 846.

The district court analyzed the totality of the circumstances and concluded that Morehouse's consent to the blood test was "freely and voluntarily given." But during the pendency of this appeal, the United States Supreme Court held that an individual may not be criminally prosecuted for refusing a warrantless blood test, even if the person was

4

lawfully arrested for DWI, unless case-specific exigent circumstances justify the warrantless search. *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2185-86 (2016) (also holding that "a breath test, but not a blood test, may be administered as a search incident to a lawful arrest").

In *Birchfield*, the Supreme Court consolidated three cases, including petitioner Beylund's challenge to the revocation of his North Dakota driver's license. *Id*. at 2172. Beylund was arrested for DWI, and received an implied-consent advisory that advised him that refusing to submit to chemical testing to determine his alcohol concentration was a crime. *Id*. Beylund agreed to a blood test, which revealed an alcohol concentration above the legal limit. Beylund's driver's license was subsequently suspended. *Id*.

The North Dakota Supreme Court affirmed Beylund's license suspension on the ground that he voluntarily consented to the blood test. *Id*. at 2186. The United States Supreme Court vacated the judgment and remanded, noting that the North Dakota Supreme Court's holding was premised on the erroneous theory that the state could compel a blood test. *Id*. Because voluntariness of consent to a search is determined by analyzing the totality of the circumstances, the Supreme Court directed the state court on remand "to reevaluate Beylund's consent given the partial inaccuracy of the officer's advisory." *Id*. at 2186-87.

The Supreme Court's holding in *Birchfield*, with respect to Beylund, is on all fours with this case. Like Beylund, Morehouse only consented to the warrantless blood test after Trooper Koenen advised him that failure to submit to a chemical test was a crime. Because *Birchfield* established that Morehouse could not be criminally prosecuted for refusing to

5

submit to a blood test in this situation, Trooper Koenen's advisory was partially inaccurate. Accordingly, we reverse the order sustaining Morehouse's license revocation and remand to the district court for determination of whether Morehouse's consent was voluntary in light of all of the circumstances, including the partial inaccuracy of Trooper Koenen's advisory.[1]  We leave to the district court the decision whether to reopen the record on remand.

**Reversed and remanded.**

---

[1] In reassessing the voluntariness of Morehouse's consent, the district court may also consider whether the warrantless blood test supports license revocation on other grounds. *See Birchfield*, 136 S. Ct. at 2186 n.9 (stating that if the court on remand finds that consent was not voluntary, it must determine whether the evidence obtained in the search must be suppressed when the search was done pursuant to a state statute and is offered in an administrative rather than criminal proceeding); *see also State v. Lindquist*, 869 N.W.2d 863, 876 (Minn. 2015) (describing good-faith exception to the exclusionary rule).